NAT BURT V. THE STATE.

No. 9128.  Delivered May 27, 1925.

Rehearing denied November 18, 1925.

1.—Possession of Material for Manufacture—Evidence—Confession of Accused—When Admissible.

It is a clearly established rule of evidence that when an accused makes a statement, when arrested, that leads to the discovery of the evidence of a crime, same is admissible, and there was no error in admitting appellant's statement, which led to the discovery of a barrel of intoxicating liquor in his pasture. See Art. 810 C. C. P.

2.—Same—Confession—Corroboration of—Held, Sufficient.

The confession of appellant, which led to the discovery of a barrel of grape juice in process of being manufactured into wine, was corroborated (if any were necessary) by other evidence, which is deemed sufficient.

3.—Same—Continued.

It may be seriously doubted whether a confession admitting the facts of a crime, an element of which depends upon the purposes of the accused, in the act confessed, would need corroborative evidence of the

confession, as to the purposes. Ordinarily when facts appear establishing the acts constituting the crime, corroboration is not necessary as to the intent or purpose.

4.—Same—Indictment—Held, Sufficient.

Where an indictment charges that one possessed material for the purpose of manufacturing intoxicating liquor, it need not further aver that he also intended to manufacture it. While proof of the mere possession of the material would not be sufficient, without proof of a purpose to manufacture, it is not necessary that the indictment allege that he had such material "for the purpose of manufacturing intoxicating liquor."

Appeal from the District Court of Kimble County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction for the possession of material for the manufacture of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Kimble County of the offense of possession of material for the purpose of manufacturing spirituous, vinous and malt liquors capable of producing intoxication; punishment, one year in penitentiary.

Armed with a search warrant officers went to appellant's premises and informed him that they had come for the purpose of searching same. He thereupon told them that they would find nothing except a barrel of grape juice in his pasture in which he had put a quantity of sugar for the purpose of making wine. In company with appellant the officer went down into his pasture and there found a barrel of liquor which upon analysis was found to contain more than five per cent of alcohol.

The first bill of exceptions complains of the testimony of the sheriff as to what appellant told him about his possession of said barrel of grape juice and his attempt to make wine of it. The testimony was clearly admissible under that part of Art. 810 of our C. C. P. which provides that a confession, or statement amounting thereto, is admissible in evidence against the accused if in connection with same he makes statements of facts or circumstances which are found to be true,

which conduce to establish his guilt. It does not appear to us debatable that the statement made by appellant to the officer is clearly within said Statute.

Bill No. 2 complains of the refusal of the court to withdraw said statements above referred to from the jury after the cross-examination of the sheriff by appellant in regard to whether or not the latter was under arrest at the time he made the statements. Under the Statute referred to above it would be immaterial whether the accused be under arrest or not at the time he makes statements which are later found to be true and conduce to establish his guilt.

The third bill of exceptions complains that only the third count in the indictment was submitted charging the possession of grape juice for the purpose of manufacturing intoxicating liquor, the ground of objection, if we comprehend it, being the lack of evidence to support the proposition embraced in this count. It seems to be further objected to upon the ground that the uncorroborated confession of appellant could not establish sufficiently the facts necessary to support a conviction under said count. The record shows that the confession of appellant was not the only testimony relied upon. In addition thereto the officers found in appellant's possession the barrel of grape juice referred to by him in his statement. This fact seems ample to support and corroborate the confession made. This disposes also of the objection appearing in the fourth bill of exceptions.

The fifth bill complains of the fact that the confession is uncorroborated by any evidence supporting the alleged purpose of appellant in the possession of said barrel of grape juice. It may be seriously doubted whether a confession admitting the facts of a crime, an element of which depends upon the purpose of the accused in the act confessed, would need corroborative evidence of the confession as to the further proposition that in doing the thing admitted to be done, accused also admitted his purpose. Analogous principle would seem to appear in cases dependent upon the corroboration of the testimony of an accomplice. Ordinarily when facts appear establishing the acts constituting the crime, corroboration is not necessary as to the question of intent or purpose.

Appellant attacks the Statute in his motion in arrest of judgment, claiming that to charge that one possessed material for the purpose of manufacturing intoxicating liquor is insufficient because it should go further and state in addition to the fact that he possessed the material for the purpose of

manufacture, that he also intended to manufacture. In our view the contention is hypercritical. A case would not be made out upon the naked showing of the possession of material, but the State must go further and show by some character of proof the purpose for which the material was possessed, and that such purpose was for the manufacture of intoxicating liquor. Having shown such purpose, or circumstances from which such purpose could reasonably be inferred, we see no necessity for burdening the Statute or the indictment in the particular case by requiring that it be further stated that he who had such material "for the purpose of manufacturing intoxicating liquor", must also have intended to make same.

Not being able to agree with any of the contentions made by appellant, and believing the verdict to be supported by the testimony, and that a fair trial was had, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In addition to what we said in our original opinion, we note that a sample of the grape juice in the barrel found in appellant's pasture in pursuance of his statement that same was there, was analyzed by a chemist who testified that same contained 4.31 per cent of alcohol by weight and 5.39 per cent by volume. The barrel was in possession of the appellant and was admitted by him to be his, and further he admitted he had put sugar in the grape juice in an effort to make wine out of it. It is also shown that the alcoholic content was increasing with the passage of time. We are unable to agree with any of the contentions of appellant.

The motion for rehearing is overruled.

*Overruled.*